[Cite as *State v. Stith*, 2023-Ohio-3041.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230009 |
| | | TRIAL NO. C-22TRD-15698 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TERESA STITH | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: August 30, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Following a bench trial, defendant-appellant Teresa Stith was convicted of failure to stop after an accident on private property under R.C. 4549.021(A). She now appeals that conviction, asserting a single assignment of error in which she challenges the weight and sufficiency of the evidence supporting her conviction. We find no merit in her assignment of error, and we affirm her conviction.

{¶2} The record shows that on June 12, 2022, Officer Jan Gehlhar of the Delhi Township Police Department responded to a report of an automobile accident in the parking lot of a Kroger store. Upon arrival, he observed a vehicle parked in a handicapped spot with heavy damage to the passenger side. Next to the vehicle, he saw a piece of a taillight laying on the ground. From witnesses at the scene, he obtained a description of a vehicle and the driver, as well as a photograph of the license plate.

{¶3} Officer Gehlhar was able to connect the vehicle with Stith. He went to her residence on July 2, 2022, where he observed her car in the driveway with a broken taillight, consistent with the broken taillight he had found at the scene of the accident. When he asked Stith about the accident, she initially stated that she could not remember it. After Office Gehlhar confronted her with the evidence he had obtained, she admitted to remembering the accident. She told him that she panicked and fled from the scene. When questioned by Officer Gehlhar, she acknowledged that she had not left the required information at the scene. Additionally, she could not provide insurance information.

{¶4} In her sole assignment of error, Stith contends that the evidence was insufficient to support her conviction. She argues that the state failed to prove the elements of the offense because it presented no evidence as to whether the car that was

2

hit was occupied or unoccupied. She also argues that the conviction was against the manifest weight of the evidence. This assignment of error is not well taken.

**{¶5}** As a preliminary matter, the state argues that Stith did not raise that argument in the trial court in her Crim.R. 29 motion for a judgment of acquittal. But this court has stated that the failure to make a Crim.R. 29(A) motion during a trial does not waive an appellate argument concerning the sufficiency of the evidence. *State v. Glover*, 1st Dist. Hamilton No. C-180572, 2019-Ohio-5211, ¶ 26, citing *State v. Jones*, 91 Ohio St.3d 335, 346, 744 N.E.2d 1163 (2001). An accused's not-guilty plea preserves the right to object to the alleged insufficiency of the evidence because the state must prove each element by proof beyond a reasonable doubt. *Glover* at ¶ 26.

**{¶6}** The relevant inquiry, when reviewing the sufficiency of the evidence, is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Watts*, 1st Dist. Hamilton No. C-220219, 2023-Ohio-1394, ¶ 10. In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses. *Watts* at ¶ 10; *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 45.

**{¶7}** Stith was convicted of violating R.C. 4549.021(A), which provides:

(1) In the case of a motor vehicle accident or collision resulting in injury or damage to persons or property on any public or private property other than a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, shall stop at the scene of the accident or collision. Upon request of any person who is injured or damaged, or any other person, the operator shall give that person the

3

operator's name and address, and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the operator's driver's or commercial driver's license.

(2) If the operator of the motor vehicle involved in the accident or collision does not provide the information specified in division (A)(1) of this section, the operator shall give that information, within twenty-four hours after the accident or collision, to the police department of the city or village in which the accident or collision occurred, or if it occurred outside the corporate limits of a city or village, to the sheriff of the county in which the accident or collision occurred.

(3) If the accident or collision is with an unoccupied or unattended motor vehicle, the operator who collides with the motor vehicle shall securely attach the information required under division (A)(1) of this section, in writing, to a conspicuous place in or on the unoccupied or unattended motor vehicle.

{¶8}   Stith relies on *State v. Mullins*, 2d Dist. Montgomery No. 10381, 1987 Ohio App. LEXIS 9106 (Oct. 8, 1987).  In that case, the court stated that R.C. 4549.021 has three paragraphs, which "in effect describe three separate offenses."  The first paragraph requires the operator of a vehicle to stop after an accident and upon request of any person to provide the required information.  The second paragraph requires the operator to report the accident to the appropriate police department within 24 hours if the operator did not provide the information at the scene.  Finally, the third paragraph requires the operator of a vehicle that collides with an unattended vehicle

to attach the required information to the unattended vehicle. *Id.* at 1-2. We find no cases citing *Mullins* or containing the same analysis.

{¶9} We do not find *Mullins* to be dispositive and we decline to follow it. The plain language of the statute shows that R.C. 4549.021(A)(1) sets forth the elements of the offense. Sections (A)(2) and (A)(3) provide alternate means of complying with the provisions of section (A)(1). *See In re D.B.*, 5th Dist. Stark No. 2016CA00189, 2017-Ohio-4174, ¶ 18-21; *State v. Love*, 1st Dist. Hamilton No. C-100597, 2011-Ohio-2053, ¶ 7-12; *State v. Hoy*, 10th Dist. Franklin No. 02AP-1197, 2003-Ohio-3117, ¶ 16-18.

{¶10} Further, a driver does not need to hit another car to be subject to the requirements of R.C. 4549.021(A)(1). It refers to "a motor vehicle accident or collision resulting in injury or damage to persons or property" on private property. Courts, including this one, have found that the evidence was sufficient to support a conviction in cases not involving another vehicle. *See In re D.B.* (defendant hit a fence); *State v. Harris*, 2d Dist. Montgomery No. 23915, 2013-Ohio-716 (defendant hit a pedestrian); *Love* (defendant hit a pedestrian). It makes little sense then to require the state to prove whether the vehicle was occupied or unoccupied.

{¶11} Further, Stith argues that there was no evidence presented of "what information [she] did not provide." This argument is without merit because the evidence shows that she did not provide any information. She left the scene of the accident without providing the required information and she did not provide it to police within 24 hours. On the contrary, she only disclosed that she had hit the other car and left the scene when Officer Gehlhar confronted her with the evidence he had obtained. Responding to police questioning about the accident does not constitute reporting it within the meaning of R.C. 4549.021. *In re D.B.* at ¶ 21-22.

**{¶12}** The evidence against Stith was mostly circumstantial, but circumstantial evidence and direct evidence possess the same probative value. *Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph one of the syllabus; *State v. Blount*, 1st Dist. Hamilton No. C-180096, 2019-Ohio-3498, ¶ 10 Our review of the record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state proved beyond a reasonable doubt all the elements of failure to stop after an accident on private property. Consequently, the evidence was sufficient to support the conviction.

**{¶13}** Stith also argues that her conviction was against the manifest weight of the evidence. After reviewing the record, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Stith's conviction and order a new trial. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Richards*, 1st Dist. Hamilton No. C-210656, 2022-Ohio-4698, ¶ 13. Consequently, we overrule Stith's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:
The court has recorded its own entry this date.