[Cite as *State v. Hammock*, 2026-Ohio-342.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250233 |
| | | TRIAL NO. M/23/CRB/7539 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| ELENA HAMMOCK, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 2/4/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Hammock*, 2026-Ohio-342.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250233 |
| | | TRIAL NO. | M/23/CRB/7539 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| ELENA HAMMOCK, | : | | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 4, 2026


*Timothy A. Garry, Jr.*, City of Norwood Assistant Law Director, for Plaintiff-Appellee,

*Kessler Defense LLC* and *Stephanie Kessler*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Elena Hammock appeals her first-degree-misdemeanor conviction for a violation of Norwood Cod.Ord. 1331.10(c). This ordinance prohibits the removal of a placard posted by an official responsible for enforcing the Norwood Property Maintenance Code.

{¶2} In a single assignment of error, Hammock challenges the sufficiency of the evidence supporting her conviction. Finding her argument to be without merit, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶3} A complaint for a violation of Norwood Cod.Ord. 1331.10(c) was filed against Hammock in Norwood Mayor's Court. The complaint alleged that, on October 28, 2022, Hammock "knowingly and willfully deface[d] and remove[d] [a] placard without approval of the code official" at the property located at 1911 Crown Avenue.

{¶4} The complaint was transferred to the Hamilton County Municipal Court and tried to a jury.

{¶5} James Shelby, a nuisance inspector for the Norwood Board of Health, testified that he had placed a notice, also referred to as a placard, from the Board of Health on Hammock's front door. Shelby testified that the placard was intended to serve as "an identification on the building and a notice to the resident." He stated that no one was supposed to take the placard down except for him, and that when he posted the placard his intent was that it remain on the door. Shelby testified that the placard was posted in the course of his duties as a health inspector, explaining, "It's important to notify the public and the owner that the property [had] been declared vacant, uninhabitable for human habitation for just cause." He further testified that he saw Hammock remove the placard from her door within five minutes of its posting.

3

**{¶6}** The jury found Hammock guilty of violating the Norwood Codified Ordinance. The trial court sentenced Hammock to one day of imprisonment, credited her with one day for time served, and remitted costs.

**{¶7}** Hammock now appeals.

## II. Sufficiency of the Evidence

**{¶8}** In a single assignment of error, Hamock argues that her conviction was not supported by sufficient evidence because the evidence failed to establish that her removal of the placard was done without the approval of the code official.

**{¶9}** In response, the State contends that Hammock's "assignment of error was not raised at trial" and is subject to a plain-error review. This is simply not the law. First, the record establishes that Hammock made a Crim.R. 29 motion for acquittal at the close of the State's presentation of evidence. And second, even if such a motion had not been made, or if the motion had not been directed at the element of the offense now challenged on appeal, Hammock would not be limited to a plain-error review. "An accused's not-guilty plea preserves the right to object to the alleged insufficiency of the evidence because the state must prove each element by proof beyond a reasonable doubt." *State v. Stith*, 2023-Ohio-3041, ¶ 5 (1st Dist.).

**{¶10}** A challenge to the sufficiency of the evidence requires us to determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Cleaned up.) *State v. Walker*, 2016-Ohio-8295, ¶ 12. Hammock was convicted of violating Norwood Cod.Ord. 1331.10(c), which provides in relevant part that "[a]ny person who defaces or removes a placard without the approval of the Code Official shall be subject to the penalties provided by Section 1331.99."

{¶11} Following our review of the record, we hold that Shelby's testimony was sufficient to establish that Hammock did not have permission to remove the placard that he had posted. When specifically asked by the State whether "anybody [was] supposed to take that down except for you," Shelby answered, "[t]his particular placard, no." He further testified that he intended for the placard to remain on Hammock's property. Hammock contends that this was a general statement that did not pertain directly to her, and that it did not account for circumstances where permission may be granted. The State contends that Shelby's testimony that he intended the placard to stay posted was sufficient.

{¶12} Shelby's testimony on this point could have been better articulated or stated more succinctly. But, viewed in the light most favorable to the prosecution, Shelby's statement that no person, other than himself, was to remove the placard was sufficient to establish that Hammock did not have permission to remove it. *See Walker* at ¶ 12.

{¶13} Hammock's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

KINSLEY, P.J., and BOCK, J., concur.

5